**James R. YOCUM, Commissioner of Labor, etc., Appellant,**

v.

**Denver STEWART et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 4, 1977.

Cyril E. Shadowen, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

Kelsey E. Friend, Pikeville, Richard M. Joiner, Frankfort, for appellees.

Before PARK, VANCE and WHITE, JJ.

VANCE, Judge:

This is the second appeal in this case. Appellee, Denver Stewart, was given a to-

tal disability award which was apportioned by the Board between the employer and the Special Fund. All compensation was directed to be paid by the employer subject to reimbursement from the fund for that part of the award apportioned to it. KRS 342.-316(13)(a). On a petition for review the trial court adjudged that all compensation should be paid by the Special Fund, subject to reimbursement by the employer, in accordance with a 1974 amendment to KRS 342.316(13)(a).

On the first appeal (*Yocum v. Stewart*, memorandum opinion per curiam, March 26, 1976) the total disability award was affirmed, but the method of payment adjudged by the trial court was reversed and the payment was directed to be made by the employer with reimbursement from the Special Fund.

Thereafter, Stewart caused execution to issue against S & R Coal Company, the employer. Stewart was president of the employer corporation. The execution was returned "no property found". Stewart then petitioned the Workmen's Compensation Board for an order directing the award be paid by the Uninsured Employers Fund. This petition was denied.

Stewart then petitioned the Pike Circuit Court for review of that order. S & R Coal Company was not made a party to the proceeding. The trial court entered judgment directing the Workmen's Compensation Board to make the Uninsured Employers Fund a party and to hold hearings to resolve issues raised by the Uninsured Employers Fund as to its liability for the award. The Special Fund was ordered to pay directly to Stewart that part of the compensation fund apportioned to it. The Special Fund has appealed that part of the judgment.

■ Under the law which governs this proceeding apportioned awards must be paid by the employer who may then have reimbursement from the Special Fund. A ruling that the Special Fund should pay directly to the claimant was reversed by the Supreme Court of Kentucky and that decision is the law of this case. No payments of the award have been made by the employer and apparently the employer is insolvent.

The question of whether the Uninsured Employers Fund will be required to "stand in the shoes" of the employer is still pending before the Board. It is being resisted on several grounds including the ground that the award was procured by fraud.

■ We conclude that Stewart's only remedy is to proceed with his claim against the Uninsured Employers Fund. If that fund is ultimately determined to be liable for payment of the award, it may have reimbursement against the Special Fund for the portion of the award assessed to the Special Fund.

This disposition of the case makes it unnecessary to consider the procedural question brought about by the failure of Stewart to make S & R Coal Company a party to the petition for review in the Pike Circuit Court.

The judgment is reversed insofar as it orders payment by the Special Fund directly to Stewart.

All concur.